UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CINDY STRANGE, | |
| Plaintiff, | Case No. 3:18-cv-00773 |
| v. | Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |
| TOWN OF NOLENSVILLE, TENNESSEE, et al., | |
| Defendants. | |

## <u>MEMORANDUM ORDER</u>

Before the Court in this action brought under 42 U.S.C. § 1983 is Plaintiff Cindy Strange's motion for leave to amend her complaint. (Doc. No. 43.) Defendants the Town of Nolensville, Tennessee, Kenneth McLawhon, and Bryan Howell have filed responses stating that they have "no objection to [Strange] amending her complaint" if several discovery disputes between the parties are resolved in the defendants' favor. (Doc. No. 44, PageID# 216; Doc. No. 45, PageID# 218.) Strange has filed a reply arguing that the defendants have not offered any reasons recognized by Federal Rule of Civil Procedure 15(a)(2) for opposing her proposed amendments. (Doc. No. 46.) For the reasons that follow, Strange's motion for leave to amend will be granted.

## I.      Relevant Background

This action arises out of Strange's employment as a police officer in Nolensville, Tennessee. (Doc. No. 1.) On August 17, 2018, Strange filed a complaint alleging that the defendants discriminated against her on the basis of sex and gender, sexually harassed her, and retaliated against her for opposing that discrimination and harassment in violation of her rights under the First and Fourteenth Amendments to the United States Constitution, Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 et seq. (*Id.*) The defendants answered Strange's complaint (Doc. Nos. 12–14), the Court entered an initial case management order (Doc. No. 16), and the parties began discovery.

On February 18, 2020, Strange filed a timely motion for leave to amend her complaint and attached a proposed amended complaint showing her proposed amendments in redline edits.[1] (Doc. Nos. 43, 43-1.) Strange stated that, "[a]lthough discovery is ongoing and e-discovery has been convoluted, [she] has obtained sufficient information to warrant amendment and/or revision to some of the facts and allegations set forth in the Complaint." (Doc. No. 43, PageID# 185.) The defendants filed responses to Strange's motion to amend on February 24, 2020, stating that they have "no objection to [Strange] amending her complaint" as long as certain conditions are met: the current case management deadlines are not changed, Strange is not allowed to change the parties' current e-discovery plan, depositions scheduled for this summer are not cancelled or continued, and the defendants are allowed two days and fourteen hours to depose Strange. (Doc. No. 44, PageID# 216; Doc. No. 45, PageID# 218.) "Otherwise, Defendants oppose granting the Motion to Amend as it will result in further unnecessary expense, delay and prejudice to the Defendants' defense of this suit." (Doc. No. 44, PageID# 217; *see also* Doc. No. 45, PageID# 219.) In her reply, Strange argues that the defendants have "offer[ed] no substantive reason to oppose the . . . filing of her Amended Complaint." (Doc. No. 46, PageID# 229.)

---

[1]    The deadline for filing motions to amend in this action was February 24, 2020. (Doc. No. 41.)

## II.      Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Although the Sixth Circuit "reviews denials of leave to amend only for abuse of discretion," its case law "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

## III.      Discussion

Federal Rule of Civil Procedure 15(a)(2) and the well-worn cases interpreting its mandate are clear. Leave to amend a complaint should be "freely" given in the absence of "any apparent or declared reason" why it should be denied. *Leary*, 349 F.3d at 905 (quoting *Foman*, 371 U.S. at 182). But, instead of offering reasons for the Court to deny Strange's motion for leave to amend, the defendants have used their response in opposition to try to cut a deal about discovery.

This Court has standard procedures to address case management and discovery disputes. Those procedures include requiring the parties to meet and confer in good faith and to schedule a telephone conference with the Court before filing a discovery-related motion. A response in opposition to a motion to amend is therefore not a proper vehicle in which to ask the Court to weigh in on discovery concerns. The defendants' proposal does not contribute to the Court's determination of Strange's motion to amend.

Further, the defendants' response to Strange's motion to amend does not address the relevant Rule 15(a)(2) factors in anything other than a glancing manner. It is well established that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived[.]" *United States v. Persaud*, 866 F.3d 371, 385 (6th Cir. 2017) (first alteration in original) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *see also id.* ("Our case law makes clear that '[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" (alterations in original)). The Court therefore finds that the defendants have given no reason to support denying Strange's motion to amend under Rule 15(a)(2). *See Leary*, 349 F.3d at 905.

IV.     **Conclusion**

For these reasons, Strange's motion for leave to amend her complaint (Doc. No. 43) is GRANTED. Strange is ORDERED to file a clean version of the proposed amended complaint (Doc. No 43-1) without redlines by March 20, 2020.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge